UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES EISEMAN CIC-16-11-0196, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:17-cv-01068-SEB-DML |
| WENDY KNIGHT, | ) |
| Respondent. | ) |

**Entry Discussing Need for Evidentiary Hearing or Vacation of Disciplinary Sanctions**

Petitioner James Eiseman seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition challenges a prison disciplinary proceeding identified as CIC 16-11-0196 in which he was found guilty of engaging in an unauthorized financial transaction. He raises multiple grounds for relief, only one of which is discussed in this Entry.

Prior to a prison disciplinary proceeding, due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). "[T]he purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted).

Mr. Eiseman argues that during the screening process he requested but was not provided video evidence that would prove his innocence because, he says, the video would reveal that another inmate was the one who engaged in the unauthorized financial transactions at issue. The respondent maintains that the Screening Report shows that Mr. Eiseman did not request video evidence at screening. The respondent also submits a declaration from the screening officer

stating that Mr. Eiseman did not request video evidence. But, in reply, Mr. Eiseman maintains that he requested video evidence at screening; he states that he was screened for twenty-five disciplinary charges on the same day, all of which charged him with engaging in an unauthorized financial transaction, and that he requested video evidence in all of them. To the extent the Screening Report does not reflect that, he says, it is because the screening officer did not write his request down.

In arguing that Mr. Eiseman should be denied relief, the respondent focuses on the fact that there is no *record* that Mr. Eiseman made a request for the video evidence at screening. But Mr. Eiseman's petition—which is sworn under penalty of perjury—constitutes evidence that he did make such a request. Thus there is a dispute of material fact regarding whether Mr. Eiseman requested the video evidence at screening. "[W]hen a prisoner who seeks a writ of habeas corpus provides competent evidence (such as an affidavit by someone with personal knowledge of the events) contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies." *Johnson v. Finnan*, 467 F.3d 693, 694 (7th Cir. 2006). Notably, the respondent did not argue that the allegedly requested video was not exculpatory (and thus did not need to be provided) or that the error was otherwise harmless. Therefore, the Court must hold a hearing to resolve this factual dispute.

The respondent could obviate the need for a hearing if she vacated the disciplinary proceedings at issue in this action and the corresponding sanctions. Otherwise the Court will set this matter for an evidentiary hearing on the question outlined above and appoint counsel for Mr. Eiseman. *See* Rule 8 of the *Rules Governing Section 2254 Cases* ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have

counsel appointed under 18 U.S.C. § 3006A."). The respondent has **through November 21, 2017**, in which to inform the Court how this action should proceed. If a hearing is necessary, the Court will appoint counsel, schedule the hearing, and set discovery deadlines by separate order.

**IT IS SO ORDERED.**

Date: 11/6/2017

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES EISEMAN
215296
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Electronically registered counsel